UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

WILLIAM GIDDENS,

                            Plaintiff,

-against-

THE CITY OF NEW YORK; THE NEW YORK CITY
POLICE DEPARTMENT; DETECTIVE DENNIS P.
GRIFFIN; POLICE OFFICERS JOHN DOES 1-3; LOUIS
J. PALUMBO; and JULIE PALUMBO,

                            Defendants.

------------------------------------------------------------------- x

**ANSWER**

Jury Trial Demanded

07 Civ. 9569 (DLC)(KNF)

       The City of New York, The New York City Police Department and Dennis P. Griffin, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit plaintiff purports to proceed as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit plaintiff purports to proceed and to invoke the jurisdiction of the Court as stated therein.

       4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit plaintiff purports to proceed and to invoke the jurisdiction of the Court as stated therein.

       5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit plaintiff purports to lay venue as stated therein.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that a purported Notice of Claim was received in the New York City Comptroller's Office on or about November 15, 2006, and that defendants have made no payment or adjustment thereof and further admit that a hearing was held pursuant to General Municipal Law §50-h on or about June 11, 2007.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff is male.

8. Admit the allegations set forth in paragraph "8" of the complaint.

9. Deny the allegations set forth in paragraph "9" of the complaint and respectfully refer the Court to the City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that defendant Dennis Griffin was and is a New York City police officer and further admit that plaintiff purports to proceed as stated therein.

11. Deny the allegations set forth in paragraph "11" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding any unidentified persons.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, except deny knowledge or information sufficient to form a belief as to the Palumbos' mental state.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint, except deny knowledge or information sufficient to form a belief as to the Palumbos' mental state and any communications between plaintiff and the Palumbos.

26. Deny the allegations set forth in paragraph "26" of the complaint except admit that plaintiff appeared at the 20th Precinct on the morning of August 18, 2006.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that defendant Griffin asked plaintiff to come upstairs.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff went upstairs.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiff was asked for identification and confined to the precinct debriefing room.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Admit the allegations set forth in paragraph "32" of the complaint.

33. Admit the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint, including the footnote thereto, except deny knowledge or information sufficient to form a belief as to the truth of Mr. Palumbo's current or former employment.

36. Deny the allegations set forth in paragraph "36" of the complaint, except admit that plaintiff was transported to Central Booking on the afternoon of August 18, 2006.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint, except admit that plaintiff was taken to Central Booking.

38. Deny the allegations set forth in paragraph "38" of the complaint, except deny knowledge or information sufficient to form a belief as to whether plaintiff has ever been arrested or incarcerated.

39. Deny the allegations set forth in paragraph "39" of the complaint, except deny knowledge or information sufficient to form a belief as to the intentions of the Palumbos.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's mental state.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. In response to the allegations set forth in paragraph "49", defendants repeat and reallege the responses set forth in paragraphs "1" through "48" inclusive of this answer, as if fully set forth herein.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58", defendants repeat and reallege the responses set forth in paragraphs "1" through "57" inclusive of this answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations regarding unidentified persons.

60. Deny the allegations set forth in paragraph "60" of the complaint except deny knowledge or information sufficient to form a belief as to the allegations regarding unidentified persons.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62", defendants repeat and reallege the responses set forth in paragraphs "1" through "61" inclusive of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations regarding unidentified persons.

64. Deny the allegations set forth in paragraph "64" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations regarding unidentified persons.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66", defendants repeat and reallege the responses set forth in paragraphs "1" through "65" inclusive of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. In response to the allegations set forth in paragraph "70", defendants repeat and reallege the responses set forth in paragraphs "1" through "69" inclusive of this answer, as if fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the complaint and respectfully refer all questions of law to the Court.

72. Deny the allegations set forth in paragraph "72" of the complaint and respectfully refer all questions of law to the Court.

73.     Deny the allegations set forth in paragraph "73" of the complaint and respectfully refer all questions of law to the Court.

74.     Deny the allegations set forth in paragraph "74" of the complaint.

75.     Deny the allegations set forth in paragraph "75" of the complaint.

76.     Deny the allegations set forth in paragraph "76" of the complaint.

77.     In response to the allegations set forth in paragraph "77", defendants repeat and reallege the responses set forth in paragraphs "1" through "76" inclusive of this answer, as if fully set forth herein.

78.     Deny the allegations set forth in paragraph "78" of the complaint.

79.     Deny the allegations set forth in paragraph "79" of the complaint, except deny knowledge or information sufficient to form a belief as to the Palumbos' intentions.

80.     Deny the allegations set forth in paragraph "80" of the complaint.

81.     Deny the allegations set forth in paragraph "81" of the complaint.

82.     Deny the allegations set forth in paragraph "82" of the complaint.

83.     Deny the allegations set forth in paragraph "83" of the complaint.

84.     In response to the allegations set forth in paragraph "84", defendants repeat and reallege the responses set forth in paragraphs "1" through "83" inclusive of this answer, as if fully set forth herein.

85.     Deny the allegations set forth in paragraph "85" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations regarding unidentified persons and respectfully refer all questions of law to the Court.

86. Deny the allegations set forth in paragraph "86" of the complaint and respectfully refer all questions of law to the Court and respectfully refer all questions of law to the Court.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Paragraph "96" of the complaint sets forth no averments of fact to which a response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

97. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

98. Defendants City of New York, the New York City Police Department and Dennis P. Griffin have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

99. At all times relevant to the acts alleged in the complaint, defendants City of New York, the New York City Police Department and Dennis P. Griffin acted reasonably in

the proper and lawful exercise of their discretion; therefore, they are entitled to state law good faith immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

100.  Any injuries alleged to have been sustained resulted from plaintiff' own culpable or negligent conduct and were not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

101.  Plaintiff has failed to comply, in whole or in part, with New York General Municipal Law § 50-e.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

102.  Plaintiff cannot recover punitive damages from defendant City of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

103.  There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

104.  The individual defendant Dennis P. Griffin has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

105.  The New York City Police Department is not a suable entity.

**WHEREFORE,** defendants City of New York, the New York City Police Department and Dennis P. Griffin request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               January 18, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendants City of New York, New York City Police Department, Dennis P. Griffin
                                100 Church Street, Room 3-141
                                New York, New York 10007
                                (212) 788-0869

By:    /s/ Jordan M. Smith
           Jordan M. Smith
           Assistant Corporation Counsel

To:     Ethan Leonard, Esq. (by ECF)
        Neal Brickman, Esq. (by ECF)
        Attorneys for Plaintiff
        317 Madison Avenue - 21st Floor
        New York, New York 10021